IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA | CASE NO. 1:19-444-TLW |
| Plaintiff, | |
| -VS- | |
| CB&I AREVA MOX SERVICES, LLC and WISE SERVICES, INC. | **DEFENDANT WISE SERVICES, INC.'S ANSWER WITH JURY DEMAND ENDORSED HEREON** |
| Defendants | |

Now comes Defendant Wise Services, Inc., (hereinafter "Defendant" or "Wise") by and through counsel, respectfully submit their Answer and Defenses to the United States' Complaint:

1. Defendants admit that this action purports to be an action to recover losses from false or fraudulent claims by the United States of America. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff.

2. Defendant denies that Wise knew or should have known about the criminal actions of its rogue employee and therefore denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that the Court has subject matter jurisdiction over the claims that Plaintiff is asserting in this action under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 Plaintiff's Complaint.

6. Defendant admits that venue is appropriate in this district, but only to the extent that personal jurisdiction may be asserted, which is expressly denied. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

1

7. Defendant admits that Wise executed tolling agreements as described in Paragraph 7; but is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. Defendant admits the allegations in Paragraphs 8 and 9 of Plaintiff's Complaint.

9. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

10. Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

11. Defendant admits Phillip Thompson was a Senior Site Representative employed by Wise and that he plead guilty to charges of criminal conspiracy to defraud the United States. Defendant expressly denies that Thompson had any actual or apparent authority, and further denies that Wise knew or should have known of Thompson's illegal conduct and that Wise participated in same. Defendant denies all other allegations as contained in Paragraph 12 of Plaintiff's Complaint.

12. To the extent that Paragraphs 13, 14, and 15 purports to characterize 31 U.S.C. § 3729(a) or 28 C.F.R. § 85.3, no response is required. Defendants deny that the conduct alleged in Plaintiff's Complaint constitutes a violation of the False Claims Act, and further deny that any action of Defendant is inconsistent with the statute and regulation themselves.

13. To the extent that Paragraphs 16, 17, 18 and 19 purports to characterize 41 U.S.C. § 8701-8707, no response is required. Defendants deny that the conduct alleged in Plaintiff's Complaint constitutes a violation of the Anti-Kickback Act, and further deny that any action of Defendant is inconsistent with the statute and regulation themselves.

14. To the extent that Paragraphs 20, 21, 22, and 23 purports to characterize 48 C.F.R. Part 1, no response is required. Defendants deny that the conduct alleged in Plaintiff's Complaint constitutes a violation of the Federal Acquisition Regulations and further deny that any action of Defendant is inconsistent with the statute and regulation themselves.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint, and therefore deny same.

16. Defendant is without information or knowledge sufficient to form a belief as to MOX's use of subcontractors. To the extent that Paragraph 34 refers to Defendant, Defendant admits that it is a subcontractor of MOX assigned to work on the MOX Project Contract.

17. Defendant admits the allegations contained in Paragraphs 35 and 36 of Plaintiff's Complaint as they relate to the existence and the dates of contract. Defendant Wise denies that it agreed to supervise MOX's employees and officers and denies any other allegations in Paragraphs 35 and 36 of Plaintiff's Complaint.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 of Plaintiff's Complaint, and therefore denies same.

19. Defendant admits that it was required, by PP10-16, to submit claims to the Subcontractor Administrator for payment, but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of Plaintiff's Complaint, and therefore denies same.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 51, 52, 53, 54, and 55 of Plaintiff's Complaint, and therefore denies same.

21. To the extent that Paragraphs 56 and 57 of Plaintiff's Complaint purports to characterize the Wise Subcontracts, those documents speak for themselves. To the extent that the descriptions of the Wise Subcontracts in Paragraph 56 of Plaintiff's Complaint alleges that Defendant's actions were inconsistent with the terms of the Subcontracts and applicable laws, Defendant denies those allegations.

22. Defendant admits that Phillip Thompson was a Senior Site Representative employed by Wise, but expressly denies that Thompson, a rogue employee, had any actual or apparent authority, and further denies that Defendant participated, in any aspect, of the alleged kickback scheme. Defendant denies all other allegations as contained in Paragraph 58 of Plaintiff's Complaint.

23. To the extent that Paragraph 59 of Plaintiff's Complaint purports to characterize the Wise Subcontracts, those documents speak for themselves. To the extent that the descriptions of the Wise Subcontracts in Paragraph 59 of Plaintiff's Complaint alleges that Defendant's actions were inconsistent with the terms of the Subcontracts and applicable laws, Defendant denies those allegations.

24. Defendant denies the allegations contained in Paragraph 60 and 61 of Plaintiff's Complaint, and further denies that it knew of, authorized, approved, or ratified the criminal conduct of its rogue employee.

25. To the extent that Paragraphs 62, 63, and 64 of Plaintiff's Complaint purports to characterize documentation related to Defendant's claims and expenditures under the Wise Subcontracts, those documents speak for themselves. To the extent that the descriptions of the documents in Paragraphs 62, 63, and 64 of Plaintiff's Complaint alleges that Defendant's actions were inconsistent with the terms of the Subcontracts and applicable laws, or that Defendant knew of, authorized, approved or ratified the criminal conduct of its rogue employee, Defendant denies those allegations.

26. Defendant admits that it submitted claims to MOX that included invoices from AV Securities and that the invoices identified in Plaintiff's Complaint in Paragraph 65 are attached as Attachment 1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of Plaintiff's Complaint and therefore denies same.

27. Defendant admits that it submitted claims to MOX that included invoices from Ross Hardware and that the invoices identified in Plaintiff's Complaint in Paragraph 66 are attached as Attachment 2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of Plaintiff's Complaint and therefore denies same.

28. Defendant admits that it submitted claims to MOX that included invoices from Norton Welding Supply Company and that's the invoices identified in Plaintiff's Complaint in Paragraph 67 are attached as Attachment 3. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of Plaintiff's Complaint and therefore denies same.

29. Defendant admits that it submitted claims to MOX that included invoices from Carolina Sodding Services, LLC and that the invoices identified in Plaintiff's Complaint in Paragraph 68 are attached as Attachment 4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of Plaintiff's Complaint and therefore denies same.

30. Defendant admits that it submitted claims to MOX that included invoices from Mundy's Automotive, LLC and that's the invoices identified in Plaintiff's Complaint in Paragraph 69 are attached as Attachment 5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of Plaintiff's Complaint and therefore denies same.

31. Defendant admits that it submitted claims to MOX that included invoices from Aiken Electrical Wholesalers, Inc. and that the invoices identified in Plaintiff's Complaint in Paragraph 70 are attached as Attachment 6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of Plaintiff's Complaint and therefore denies same.

32. Defendant denies the allegations contained in Paragraphs 71, 72, and 73 of Plaintiff's Complaint.

33. Defendant denies it knew or should have known of the rogue and criminal conduct of Thompson and denies that it knew of, authorized, approved, or ratified Thompsons' actions. Defendant denies all remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

35. Defendant denies it knew or should have known of the rogue and criminal conduct of Thompson including payment of kickbacks and denies that it knew of, authorized, approved, or otherwise ratified, Thompsons' actions. Defendant denies all remaining allegations contained in Paragraphs 76 and 77 of Plaintiff's Complaint.

36. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 78 and 80 of Plaintiff's Complaint, and therefore denies same.

37. Defendant denies it knew or should have known of the rogue and criminal conduct of Thompson including payment of kickbacks and denies that it a knew of, authorized, approved, or otherwise ratified, Thompsons' actions. Defendant denies all remaining allegations contained in Paragraphs 79, 81, 82 and 83.

38. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

39. Defendant denies it knew or should have known of the rogue and criminal conduct of Thompson including payment of kickbacks and denies that it a knew of, authorized, approved, or otherwise ratified, Thompsons' actions. Defendant denies all remaining allegations contained in Paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, and 97 of Plaintiff's Complaint.

40. Defendant denies it knew or should have known any invoices submitted by Thompson to MOX were false or fraudulent as is alleged in Paragraph 98 of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 of Plaintiff's Complaint and therefore denies same.

41. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, and 118 of Plaintiff's Complaint and therefore denies same.

42. Defendant denies it knew or should have known the invoices submitted by Thompson and referred to in Paragraph 116 (i) through (v) of Plaintiff's Complaint were false or fraudulent, and is without information sufficient to admit or deny the remaining allegations contained in Paragraph 116 of Plaintiff's Complaint and therefore denies same.

43. Defendant denies it knew or should have known of the fraudulent scheme perpetuated by Thompson and therefore assets it had no reason to remove Thompson from his position as referred to in Paragraph 119 of Plaintiff's Complaint. Defendant denies any remaining allegations contained in Paragraph 119 of Plaintiff's Complaint.

**COUNT ONE**
**(False Claim Act: Presentation of False Claims)**
**(31 U.S.C. § 3729(a)(1) (claims up to and through May 19, 2009) and**
**31 U.S.C. § 3729(a)(1)(A) (claims up to and after May 20, 2009))**
**(Against Defendants MOX and Wise)**

44. Defendant Wise neither admits or denies and is without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 120 of Plaintiff's Complaint.

45. Defendant Wise denies the allegations contained in Paragraphs 121, 122, and 123 of Plaintiff's Complaint.

## COUNT TWO
### (False Claim Act: False Statement Material to False Claims)
### (31 U.S.C. § 3729(a)(2) (claims up to and through May 19, 2009) and 31 U.S.C. § 3729(a)(1)(B) (claims up to and after May 20, 2009))
### (Against Defendants MOX and Wise)

46. Defendant Wise neither admits or denies and is without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 124 of Plaintiff's Complaint.

47. Defendant Wise denies the allegations contained in Paragraphs 125, 126, and 127 of Plaintiff's Complaint.

## COUNT THREE
### For Civil Penalties Under Anti-Kickback Act 41 U.S.C. §§ 8702 and 8706
### (Against Defendants MOX and Wise)

48. Defendant Wise neither admits or denies and is without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 128 of Plaintiff's Complaint.

49. Defendant Wise is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 129 of Plaintiff's Complaint, and therefore denies same.

50. Defendant Wise denies the allegations contained in Paragraphs 130 and 131 of Plaintiff's Complaint.

## COUNT FOUR
### For Breach of Contract
### (Against Defendant MOX)

51. Defendant neither admits or denies and are without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 132 of Plaintiff's Complaint.

52. Defendant Wise is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraphs 133 and 134 of Plaintiff's Complaint, and therefore denies same.

## COUNT FIVE
### For Unjust Enrichment
### (Against Defendant Wise)

53. Defendant Wise neither admits or denies and is without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 135 of Plaintiff's Complaint.

54. Defendant Wise denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

## COUNT SIX
## For Payment by Mistake
## (Against Defendants MOX and Wise)

55. Defendant Wise neither admits or denies and is without sufficient information or knowledge to form a belief as the truth of the incorporated allegations contained in Paragraph 137 of Plaintiff's Complaint.

56. Defendant Wise is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 138, 139, 140 of Plaintiff's Complaint, and therefore denies same.

57. Defendant Wise denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden which otherwise lies with the United States, Defendant asserts the following defenses:

## FIRST DEFENSE
Plaintiff's Complaint fails to state a claim against this Answering Defendant upon which relief can be granted.

**SECOND DEFENSE**
This Court lacks personal jurisdiction over this Defendant.

**THIRD DEFENSE**
Plaintiff has failed to join indispensable and/or necessary parties as otherwise required by South Carolina law.

**FOURTH DEFENSE**
Plaintiff's claims are barred by the applicable statute(s) of limitations.

**FIFTH DEFENSE**
Plaintiff fails to plead fraud with particularity, as required by Rule 9.

**SIXTH DEFENSE**
Plaintiff cannot maintain this lawsuit because it fails to meet the requirements of 31 U.S.C. § 3730.

**SEVENTH DEFENSE**
Plaintiff's claims are barred by the provisions of all relevant contractual agreements.

**EIGHTH DEFENSE**
Plaintiff's claims are barred by the equitable doctrines of release, waiver, unclean hands, estoppel and laches.

**NINTH DEFENSE**
Plaintiff's damages, if any, are barred or compatibly diminished by its own comparative fault or contributory negligence or fault or, alternatively, proportionately reduces any recovery by virtue of applicable South Carolina law.

**TENTH DEFENSE**
Plaintiff's injuries and damages, if any, and which are otherwise specifically denied, were directly and proximately caused by the intervening and/or superseding acts of others over which this Defendant had no control and which are thus not the responsibility of this answering Defendant.

**ELEVENTH DEFENSE**
Plaintiff has failed to mitigate its damages as otherwise required by South Carolina law.

**TWELFTH DEFENSE**
Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**THIRTEENTH DEFENSE**
Defendant's actions were not in violation of the South Carolina Unfair Trade Practice Act.

**FOURTEENTH DEFENSE**
Plaintiff's complaint is barred the doctrine of primary assumption of risk.

## FIFTEENTH DEFENSE
Plaintiff's claims are barred based on Plaintiff's failure to comply with conditions precedent in the contracts.

## SIXTEENTH DEFENSE
Plaintiff's claims are duplicative and seek multiple recoveries.

## SEVENTEENTH DEFENSE
Plaintiff's Complaint fails to allege claims of common law fraud with sufficient particularity.

## EIGHTEENTH DEFENSE
Plaintiff has not been wronged or damaged by any act or omission of this Answering Defendant.

## NINETEENTH DEFENSE
Defendant is entitled to a set-off any amounts Plaintiff has received by virtue of payments from other entitles.

## TWENTIETH DEFENSE
Plaintiff's claims are barred based upon the actions of a rogue employee whose action Defendant had no knowledge and in no way participates

## TWENTY FIRST DEFENSE
Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TWENTY SECOND DEFENSE
Some or all of Plaintiff's claims may be barred or its recovery reduced, in whole or in part by, 31 U.S.C. § 3730(d)(3), 31 U.S.C. § 3730(e)(3), or 31 U.S.C. § 3730(e)(4).

## TWENTY THIRD DEFENSE
An award of damages or penalties that is disproportionate to any actual damages violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the United States Constitution and Art. I, § I, ¶¶ I and XVII.

## TWENTY FOURTH DEFENSE
Plaintiff's claims are barred by the doctrine of ratification, waiver and consent, and because the United States had actual knowledge of the claims.

## TWENTY FIFTH DEFENSE
Plaintiff's claims for relief are barred because any actions taken by Defendant Wise with respect to the subject matters alleged in the Complaint were undertaken in good faith, and constitute lawful, proper, justified and/or privileged conduct.

## TWENTY SIXTH DEFENSE
Plaintiff's equitable claims must be dismissed because it has an adequate and alternative legal remedy.

## PRESERVATION OF AFFIRMATIVE DEFENSES

Defendant hereby reserves the right to assert the defenses of arbitration and award, discharge in bankruptcy, duress, fraud, illegality, license, payment, release, *res judicata,* lack of capacity, lack of standing, consent, and any other matter constituting an avoidance or affirmative defense for which discovery reveals a basis.

Respectfully submitted,

/S/ *Bill Nettles*
Bill Nettles (Federal ID No. 6586)
bill@billnettleslaw.com
Fran Trapp (Federal ID No. 6376)
fran@billnettleslaw.com
2008 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 814-2826
***Attorneys for Wise Services, Inc. and David F. Abney, II***

GOTTSCHLICH & PORTUNE, LLP

/s/ *Mary Lentz*
Mary E. Lentz (0043985)
GOTTSCHLICH & PORTUNE, LLP
201 East Sixth Street
Dayton, OH 45402
937.913.0200
937.824.2818 (Fax)
mlentz@gplawdayton.com
***Attorneys for Wise Services, Inc. & David Abney Pro Hac Vice***

## CERTIFICATE OF SERVICE

I hereby certify that on April ____, 2019, I electronically filed the foregoing with the Clerk of Courts using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

/S/ *Bill Nettles*
Bill Nettles (Federal ID No. 6586)