IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| The United States of America,<br><br>PLAINTIFF<br><br>v.<br><br>CB&I AREVA MOX Services, LLC, *et al*,<br><br>DEFENDANTS | Case No. 1:19–cv–00444–TLW<br><br><br>**Order** |

    Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff United States and Defendant Wise filed a Notice of Settlement and Joint Stipulation of Dismissal in this civil action. ECF No. 92. The parties stipulate and agree that Defendant Wise is dismissed without prejudice and that each party shall bear its own costs in connection with the above captioned case.

    The parties further request that the Court retain jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–82 (1994). ECF No. 92-1. *Kokkonen* states that, where a court declines to retain jurisdiction over a settlement agreement by embodying the settlement agreement in its dismissal order, the enforcement of the settlement agreement, whether through an award of damages or degree of specific performance, is more than just a continuation or renewal of a dismissed suit, and hence requires its own basis for jurisdiction. 511 U.S. at 378–81; *see also Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002) ("Where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it, the

terms of the agreement are not made part of the order and consequently will not serve as a basis of jurisdiction."); *Parson v. McCaskill*, No. 4:17-CV-00708-RBH, 2020 WL 2217210, at *1 (D.S.C. May 7, 2020) ("A district court does not have the authority to enforce a settlement agreement unless the agreement has been approved and incorporated into an order of the court or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.") (citing *Fairfax Countywide Citizens Ass'n v. Cnty. of Fairfax, Virginia,* 571 F.2d 1299, 1303 (4th Cir. 1978)). Here, the Court will dismiss the suit without prejudice pursuant to Rule 41(a)(1)(A)(ii). However, the Court will not incorporate the settlement agreement into its order of dismissal noting the caselaw stated and the analysis in those cases. Even if the Court has discretion to retain jurisdiction, it declines to retain "ancillary" jurisdiction over the enforcement of the settlement agreement, as the Court concludes it is not appropriate to do so when "renewal of [a] dismissed suit . . . requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

Accordingly, the Court, having now been advised by counsel for the parties that this case has settled, this action is hereby **DISMISSED** without costs and without prejudice.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 5, 2023
Columbia, South Carolina